**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

JOHN DAVID GOLOM,

Defendant.

NO. 3:18-CR-00123

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is Defendant John Golom's Motion to Dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. (Doc. 42). Golom was indicted on sex trafficking charges on April 10, 2018. (Doc. 1). Golom argues the Government has failed to bring him to trial within seventy (70) days of his initial appearance on April 19, 2018—excluding time that passed when motions were pending—as the Speedy Trial Act requires, *see* 18 U.S.C. § 3161(c)(1). (*Id.* at 2). The Government concedes that a violation of the Act has occurred (by twenty-seven (27) days), but argues that the indictment should be dismissed without prejudice to reindictment. (Doc. 45 at 6, 9-14). Golom's Motion will be granted, but because the charges against Golom are serious, the facts and circumstances which led to dismissal innocuous, and the impact of reprosecution on the administration of justice and the Speedy Trial Act minimal, the indictment will be dismissed without prejudice.

### **I. Background**

On April 10, 2018, Golom was indicted on three counts: (1) Sex Trafficking by Force and Coercion, 18 U.S.C. § 1591(a) and (b)(1); (2) the same offense, relating to a different victim; and (3) Transporting Individuals to Engage in Commercial Sexual Activity, 18 U.S.C. §§ 2 and 2421. (Doc. 1). Golom pleaded not guilty on April 19, 2018, and trial was originally scheduled for June 25, 2018. (Docs. 13, 15). However, Golom was appointed counsel three separate times; each time counsel was appointed, Golom (through counsel) moved for an extension of time to file pre-trial motions. (*See* Docs. 20, 27, 37). The most recent of these motions recounted that discovery in the case was "voluminous" and that additional time to prepare "any potential pre-trial motions" was necessary. (Doc. 37 at 1).

I granted each of Golom's motions, including the most recent one, extending the pre-trial motion deadline to January 15, 2019. (Doc. 38). No pre-trial motions were ultimately filed, though, until March 27, 2019, when Golom filed the instant Motion to Dismiss. (Doc. 42). The Government, in its opposition brief, concedes that the Speedy Trial Act was violated: the Act requires a defendant be brought to trial within seventy (70) "non-excludable" days of his initial appearance, but about ninety-seven (97) non-excludable days had passed when Golom filed his Motion. (Doc. 45 at 8-9). Golom does not contest the Government's computation of non-excludable days. (*See* Doc. 50 at 4-5). At issue is whether the indictment should be dismissed with prejudice, as Golom requests, or without prejudice, as the Government counters.

The Motion has been fully briefed and is now ripe for review.

## II. Legal Standard

"Once a defendant establishes a violation of the Speedy Trial Act, the district court must dismiss the indictment." *United States v. McNeil*, 416 F. App'x 227, 229 (3d Cir. 2011) (citing 18 U.S.C. § 3162(a)(2)). "To decide whether to dismiss with or without prejudice, the court must consider 'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.'" *Id.* (quoting 18 U.S.C. § 3162(a)(2)); *see United States v. Taylor*, 487 U.S. 326, 336 (1988) (a district court must "carefully consider [the Section 3162(a)(2)] factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review"). "The Third Circuit has also noted that 'we would anticipate that no criminal proceeding would be dismissed with prejudice without the court having considered and balanced the length of the delay, the reasons for the delay, and the prejudice from the delay to defendant.'" *United States v. Law*, 526 F. Supp. 2d 513, 518 (E.D. Pa. 2007) (quoting *Gov't of Virgin Islands v. Bryan*, 818 F.2d 1069, 1076 (3d Cir. 1987)).

## III. Discussion

As noted, the Government concedes a violation of the Speedy Trial Act has occurred,

by a margin of twenty-seven (27) days, so the indictment must be dismissed. The Government argues, though, that the indictment should be dismissed without prejudice because (1) the charges against Golom are serious, (2) the facts and circumstances that led to dismissal largely related to Golom's motions for extensions of time, rather than any Government misconduct, and (3) reprosecution would not harm the administration of justice because Golom has suffered little to no prejudice. (Doc. 45 at 9-13). Golom only argues in response that he "has been waiting for more than a year for the establishment of a trial date," and that he "has not caused any delay." (Doc. 50 at 4).

The indictment will be dismissed without prejudice. First, the charges—sex trafficking—are undoubtedly serious. If convicted, Golom would face a mandatory minimum sentence of fifteen (15) years. 18 U.S.C. § 1591(b)(1); *see United States v. Stevenson*, No. 3:12-CR-145, 2014 WL 12705000, at *4 (M.D. Pa. Sept. 4, 2014) ("[T]he fact that [the defendant] faces a long period of incarceration if convicted illustrates the seriousness of th[e] offense." (footnote omitted)); *see also United States v. McGrath*, No. 8:12CR422, 2014 WL 351975, at *4 (D. Neb. Jan. 31, 2014) (noting that Congress imposed severe mandatory minimum sentences for child sex trafficking because that crime is among "the most serious crimes against children"). Second, the facts and circumstances that resulted in dismissal are innocuous, and do not indicate bad faith or serious neglect on the Government's part. Golom requested multiple extensions of time to file pre-trial motions, at least in part because discovery was "voluminous," but in the end chose not to file any pre-trial motions. While the Government could have "verif[ied] the existence of any pretrial motions," *United States v. Martinez*, 75 F. Supp. 2d 360, 365 (D.N.J. 1999), or moved for an immediate trial date (as it later did, *see* Doc. 41), this does not amount to bad faith on the Government's part. *See United States v. Taylor*, 487 U.S. 326, 339 (1988) (a "pattern of neglect" suggesting "something more than an isolated unwitting violation" would "clearly . . . alter[] the balance"); *United States v. Archer*, 984 F. Supp. 321, 324 (E.D. Pa. 1997) (no "showing of bad faith, or a showing of a pattern of neglect" where the "government's failure to move for a continuance . . . was inadvertent"). Third, the impact of reprosecution on the

administration of justice and the Speedy Trial Act would be minimal. "Dismissal without prejudice is not a toothless sanction," and such a dismissal still imposes a burden on the Government and serves the interests of justice and the Speedy Trial Act. *Taylor*, 487 U.S. at 342. But the more severe sanction of dismissal with prejudice is not warranted here: "Given the lack of willful conduct or bad faith present in this case, as well as the serious nature of the crime charged, the administration of justice weighs in favor of allowing reprosecution." *Archer*, 984 F. Supp. at 324. Moreover, Golom has not asserted any prejudice beyond the twenty-seven (27) day delay in proceeding to trial. Where such a short delay has "caused no prejudice to the defendant in his ability to prepare his defense" by, for instance, "caus[ing] potential witnesses to become unavailable or lose memories of the relevant events," dismissal with prejudice is inappropriate. *Id.* (delay of seventy-five (75) days did not prejudice the defendant and did not warrant dismissal with prejudice). In sum, all the statutory factors weigh in favor of dismissal without prejudice, so the indictment will be dismissed without prejudice.

## IV. Conclusion

For the above stated reasons, Golom's Motion will be granted, and the indictment will be dismissed without prejudice.

An appropriate order follows.

May 13, 2019 /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
United States District Judge